## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN W. PEROTTI,                                      )
                                                      )
              Petitioner,                )
                                                      )        **CIVIL ACTION**
v.                                                    )
                                                      )        **No. 14-3200-KHV**
(fnu) MAYES,                                          )
                                                      )
              Respondent.                )
_____ )

### MEMORANDUM AND ORDER

Petitioner, a prisoner in federal custody, seeks habeas corpus relief under 28 U.S.C. §2241.

He challenges the loss of good conduct time ("GCT") in an administrative disciplinary action.

### Background

Petitioner is subject to the inmate discipline program of the Federal Bureau of Prisons

("BOP").  Under that program, BOP staff may impose sanctions on prisoners who commit

prohibited acts, as defined in 28 C.F.R. § 541.3, Prohibited Acts And Available Sanctions, Table

1.

A prisoner may appeal a disciplinary action by using the four-part Administrative

Remedy Program, 28 C.F.R. part 542, subpart B.  This process ordinarily requires an attempt to

informally resolve a concern, followed by requests for administrative remedies by the Warden,

the BOP Regional Director, and finally, the BOP General Counsel.  28 C.F.R. §§ 542.13 –

542.15.  A prisoner who appeals the decision of a Discipline Hearing Officer ("DHO") submits

an appeal directly to the Regional Director.  28 C.F.R. § 542.14(d)(2).

Petitioner lost ten days of GCT due to administrative disciplinary action which the BOP

initiated on July 11, 2013.  BOP staff initially charged petitioner with Use Of Mail For Abuses

Other Than Criminal Activity Which Circumvent Mail Monitoring Procedures, Code 296, but the DHO found he had committed the lesser charge of Use Of The Mail For Abuses Other Than Criminal Activity Which Do Not Circumvent Mail Monitoring, Or Use Of The Mail To Commit Or Further A Moderate Category Prohibited Act, Code 396.   Under BOP authority, both infractions are 300-level, Moderate Severity infractions.   A number of sanctions exist for Moderate Severity (300-level) infractions, including the forfeiture or disallowance of up to 25 per cent of GCT, disciplinary segregation up to three months, monetary fines and restitution, loss of privileges, removal from programs, job loss and extra duty.   28 C.F.R. § 541.3, Table 1 – Prohibited Acts And Available Sanctions, Available Sanctions For Moderate Severity Level Prohibited Acts.

Earlier in 2013, petitioner had received discipline for three 300-level infractions: namely (1) Refusing To Obey An Order Of Any Staff Member, Code 307 on February 14, 2013; (2) Insolence Towards A Staff Member, Code 312 on April 29, 2013; and (3) Refusing To Obey An Order Of Any Staff Member, Code 307 on July 2, 2013.

Where a prisoner commits multiple Moderate Severity offenses within 12 months, federal regulations allow increased penalties.   After a prisoner commits a second offense at that level, available sanctions increase to six months in disciplinary segregation and forfeiture of non-vested GCT up to 37.5 per cent.   Where a prisoner commits a third offense at the Moderate Severity 300-level, permissible sanctions include those imposed at the High Severity 200-level, namely, disciplinary segregation for up to 12 months and forfeiture of non-vested GCT up to 75 per cent or 90 days, whichever is less.   (Doc. #9, Attach. 2, p. 46, BOP Program Statement 5270.09, Table 2, Additional Available Sanctions For Repeated Prohibited Acts Within The Same Severity Level.)

2

Consistent with this policy, because petitioner had three prior 300-level infractions in the preceding 12 months, BOP ordered that petitioner forfeit ten days of GCT for the incident on July 13.  (Doc. #9, Attach. 2, par. 20, Ex. I.)

Petitioner contends that prison officials had overturned the prior incidents which occurred on February 14 and July 2, 2013, and that the BOP should not have used them to enhance the discipline which it ordered for the incident on July 13, 2013.

Incident Report No. 2410307 (February 14, 2013)

Incident Report No. 2410307 charged petitioner with two offenses, Refusing To Obey An Order Of Any Staff Member, Code 307 and Insolence Towards A Staff Member, Code 312 (Doc. #9, Attach. 1, p. 119). Petitioner filed Remedy No. 723680-F1 with the Warden, who denied relief.  Petitioner appealed that finding to the Northeast Regional Office ("NERO"), Remedy No. 723680-R1, which did not expunge it but remanded the matter for additional proceedings at the institutional level (Doc. #2, Attach., Ex. A, p. 19.)

Petitioner filed Remedy No. 745724-F1 with the Warden, seeking expungement. The Warden denied relief.  Petitioner appealed to NERO by Remedy No. 745724-R1.  In response, NERO stated that the incident was not expunged and found that the discipline was within policy guidelines and the sanctions imposed were appropriate.  By Remedy No. 745724-A1, petitioner appealed to the National Inmate Appeals Administrator.  The Administrator did not respond, and the appeal is presumed denied.  (Doc. #9, Attach. 1, Noland decl., par. 14-15, Exs.  H and J).

Incident Report No. 2438909 (April 29, 2013)

Incident Report 2438909 charged petitioner with Insolence Towards A Staff Member, Code 312. The Unit Discipline Committee ("UDC") imposed sanctions of 60 days of restrictions.

(Doc. #9, Attach. 2, Porter decl., p. 46, Chronological Disciplinary Record).  Respondent does not allege a failure to exhaust remedies related to this offense.

Incident Report No. 2463622 (July 2, 2013)

Incident Report No. 2463622 charged petitioner with Insolence Towards A Staff Member, Code 312; Possession Of Anything Not Authorized For Retention Or Receipt By The Inmate, Code 305; and Refusing To Obey An Order Of Any Staff Member, Code 307.  Petitioner filed an administrative remedy, designated No. 759255-R2, with NERO.  That office rejected the remedy and directed petitioner to file the remedy with the Warden before presenting it to the Regional Office.  The Warden denied relief, and by Remedy No. 743726-F2, petitioner again appealed to  NERO.  NERO remanded the matter for additional proceedings but did not expunge the finding.

Petitioner then filed Remedy No. 770275-F1 with the Warden and claimed that the finding was expunged. The Warden denied that remedy. Petitioner appealed that decision to NERO, which found that the discipline imposed was within policy guidelines, that the sanctions were appropriate and that the matter was not expunged.  Petitioner appealed to the National Inmate Appeals Administrator, who rejected the remedy because petitioner did not provide a copy of the Warden's finding. Although that rejection allowed petitioner to resubmit the appeal, he did not do so.  (Doc. #9, Attach. 1, Noland decl., par. 11-13, Exs. D-G).

Incident Report No. 2466883 (July 11, 2013)

Incident Report No. 2466883, which is the subject of petitioner's request for habeas relief in this case, charged petitioner with Use Of Mail For Abuses Other Than Criminal Activity Which Circumvent Mail Monitoring Procedures, Code 296.  On July 11, 2013, prison staff reviewed outgoing mail and found a letter from petitioner addressed to one K.G.T.  The letter

contained a letter to another prisoner, T.C., and asked K.G.T. to mail the letter to T.C. at another prison. Staff verified that petitioner did not have permission to correspond with T.C.

On July 11, 2013, staff prepared an incident report and conducted an investigation. During the investigation, staff advised petitioner of his rights. Petitioner made no comment. Following the investigation, staff referred the matter to the UDC.

On July 15, 2013, petitioner appeared before the UDC and again made no comment. Due to the severity of the charged conduct, the UDC referred the matter to the DHO. The same day, staff notified petitioner of the referral and gave him a copy of the Inmate Rights at Discipline Hearing. Petitioner signed both documents, stated that he would call witnesses and requested a staff representative.

On July 25, 2013, the DHO conducted a hearing. The DHO reviewed petitioner's rights with him. Petitioner chose to proceed without a representative. Petitioner requested three witnesses: the Warden and two prisoners. Petitioner stated that the inmate witnesses would provide testimony on the earlier incident reports. The DHO denied all three witnesses because the proffered testimony was irrelevant to the charge of mail abuse.

The DHO did not find petitioner guilty as charged but held that he had committed the lesser-included misconduct of Use Of The Mail For Abuses Other Than Criminal Activity Which Do Not Circumvent Mail Monitoring, Or Use Of The Mail To Commit Or Further A Moderate Category Prohibited Act, Code 396. The DHO disallowed ten days of GCT and imposed 15 days of disciplinary segregation. Loss of GCT was available for a moderate category incident of level-300 because petitioner had prior incidents at the Code 300 level in the past 12 months. (Doc. #9, Attach. 2, Potter decl., par. 21, Ex. A.) As noted, at the time of the DHO hearing, petitioner had three 300-level incidents in the preceding 12 months. Id.

On August 2, 2013, the DHO prepared a written report which set out findings, supporting evidence and appeal rights. Petitioner received a copy of the report on August 26, 2013.

On September 17, 2014, more than a year after the disciplinary decision and after the BOP transferred him to USP Leavenworth, petitioner filed Remedy No. 794679-R1 with NERO. NERO rejected the remedy and directed petitioner to file it in the North Central Regional Office ("NCRO"). October 15, 2014, petitioner filed Remedy No. 794679-R2 with NCRO. NCRO rejected the remedy due to petitioner's failure to timely seek review. Petitioner did not appeal.

Analysis

Failure to Exhaust

Exhaustion of available administrative remedies is a prerequisite to habeas corpus relief under Section 2241. See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). This requirement is satisfied by proper use of the available administrative process. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). A threshold question that must be addressed in every habeas case is that of exhaustion. Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994).

Petitioner's failure to properly exhaust administrative remedies is clear. He failed to seek review for over one year following receipt of the DHO report on August 26, 2013. (Doc. #9, Attach. 2, p. 75, showing delivery to petitioner.)

Prior Incidents

Petitioner states no ground for relief in habeas corpus arising from the prior incidents. Although he claims that the BOP improperly used them as predicate offenses to enhance the sanctions in his DHO hearing, the record refutes petitioner's claim that the BOP had expunged the prior incidents. Moreover, petitioner's DHO hearing arose from his fourth 300-level incident report in 2013. Even accepting petitioner's assertion that two prior incidents were not valid, a

single qualifying incident report supported the loss of GCT.  28 C.F.R. § 541.3, Table 2 –
Additional Available Sanctions For Repeated Prohibited Acts Within The Same Severity Level.

Procedural Due Process

Prison officials satisfy due process requirements in an administrative disciplinary
proceeding if a prisoner receives (1) 24 hours advance written notice of the claimed violation; (2)
unless good cause exists, an opportunity to call witnesses and present documentary evidence; and
(3) a written statement from the factfinder which explains the reason for the decision and the
supporting evidence.  Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).   Procedural due
process requires "some evidence" to support disciplinary action.  Superintendent v. Hill, 472
U.S. 445, 455 (1985).

The record shows that petitioner received procedural due process.  On July 11, 2013,
some 14 days before the DHO hearing, he received written notice of the charges.  (Doc. #9,
Attach. 2, Potter decl., par. 8, Ex. C).  He had an opportunity to present testimony and witnesses.
While the DHO did not allow petitioner to call the three specific witnesses he requested, this was
appropriate.  The DHO denied the request because the witnesses would have testified about
previous incident reports rather than the report which was at issue in the hearing.   BOP
regulations provide that "the DHO will call witnesses who have information directly relevant to
the charge(s) and who are reasonably available."  28 C.F.R. § 541.8(f)(2).  Petitioner did not
offer documentary evidence.  (Id., par. 11-15, Exs. F - I).  The DHO provided a written statement
of the finding against petitioner and the supporting evidence.  (Id., par. 22-23, Exs. I-J).

Conclusion

Petitioner is not entitled to relief in habeas corpus.  He failed to properly exhaust
administrative remedies, at least one prior incident supported the increased sanction forfeiting

GCT, and petitioner received procedural due process in the DHO hearing.

**IT IS THEREFORE ORDERED** that the <u>Petition For Habeas Corpus</u> (Doc. #1) filed October 22, 2014, be and hereby is **DENIED**.

Dated this 14th day of March, 2016, at Kansas City, Kansas.

S/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge